# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| GILBERT CANTU,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS INSURANCE,<br><br>Defendant. | Cause No. CV 23-11-H-BMM<br><br>ORDER |

Plaintiff Gilbert Cantu is a prisoner proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 since February, 2023. This case was previously stayed. The Court twice has requested that Cantu file a copy of his insurance policy so that the Court can perform its initial screening, as required by 28 U.S.C. § 1915. Cantu has failed to comply with this request, and in his latest filing, he continues to state that he does not have access to this document. The Court finds dismissal for failure to prosecute to be appropriate.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

1

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Cantu has failed, despite sufficient time and repeated requests, to provide the Court the information it needs. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Cantu refuses to comply with court orders. Cantu's case has consumed judicial resources and time that could have been better spent on other matters. This factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The Complaint has not been served, so the delay had no effect on future defendants.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. The Court has attempted to provide Cantu with time and opportunity to provide the required information, but he has failed to do so. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). The weight of this factor is slight in light of the other factors favoring dismissal. The Court will dismiss this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

Based on the foregoing, the Court issues the following:

## ORDER

This matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58 and close this case.

**DATED** this 21st day of March, 2024.

_____
Brian Morris, Chief District Judge
United States District Court